UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                              )
UNITED STATES OF AMERICA      )
                              )
              v.              )   CRIMINAL ACTION
                              )   NO. 97-10171-WGY
CARLOS GAGOT                  )
                              )
         Defendant.           )
                              )
```

MEMORANDUM AND ORDER

YOUNG, D.J.                                    February 19, 2008

In September of 1997, Carlos Gagot ("Gagot") pled guilty to one count of conspiring to possess with intent to distribute crack cocaine and four counts of distribution of crack cocaine. At a sentencing hearing three months later, this Court, after taking into account the particular circumstances of the case,[1] found that the applicable range under the United States Sentencing Guidelines ("Guidelines") was 168 to 210 months imprisonment. Sentencing Tr. at 10. The Court ultimately sentenced Gagot to 168 months imprisonment followed by a five-year term of supervised release. Id. at 15.

Gagot, having served the bulk of his prison term, is one of many defendants now eligible to benefit from Amendment 706 to the

---

[1]   These included Gagot's criminal history level, a two-level enhancement for his leadership role in the crime, a two-level enhancement for obstruction of justice, and a three-level reduction for acceptance of responsibility. Sentencing Tr. at 4, 10.

Guidelines, which reduced by two the offense level applicable to most crack cocaine crimes.  Joint Mem. at 4 (citing U.S. Sentencing Comm'n, Supp. to App. C, Amend. 706).  Although generally district courts "may not modify a term of imprisonment once it has been imposed," limited power to do so exists when a defendant is sentenced based on a sentencing range that is later reduced <u>and</u> when that amendment is designated as retroactive by the Sentencing Commission.  18 U.S.C. § 3582(c)(2) (requiring that reduction be "consistent with applicable policy statements issued by the Sentencing Commission"); <u>see also</u> U.S.S.G. § 1B1.10(a) (stating that if a Guidelines amendment is not specifically listed as having retroactive effect in § 1B1.10(c), reducing a defendant's term of imprisonment pursuant to that amendment does not comport with the Commission's policy statements and thus is not authorized by § 3582(c)(2)).  The Commission approved the retroactive application of Amendment 706 on December 11, 2007,[2] thus re-opening the courthouse doors to numerous inmates who, like Gagot, were sentenced under a regime marked by an "unconscionable" disparity between the sentences given to crack cocaine and powder cocaine offenders.  Paul Butler, <u>When Judges Lie (And When They Should)</u>, 91 Minn. L. Rev.

---

[2]   Press Release, U.S. Sentencing Comm'n, U.S. Sentencing Commission Votes Unanimously to Apply Amendment Retroactively for Crack Cocaine Offenses (Dec. 11, 2007), <u>available at</u> http://www.ussc.gov/PRESS/rel121107.htm.

1785, 1825 n. 203 (2007) (quoting associate director of the White House Office of National Drug Control Policy's views on the 100-to-1 disparity).

Here, the government agrees that Gagot is eligible for a reduction of his sentence under section 3582(c)(2); it also agrees with Gagot that the applicable sentencing range under the Guidelines as amended is 135 to 168 months imprisonment.  Joint Mem. [Doc. 95] at 6.  Furthermore, the government has joined Gagot in asking that this Court reduce Gagot's sentence to a 135-month term of imprisonment followed by a five-year term of supervised release.  Id.  Were this sentence to be imposed, Gagot would be eligible for immediate release from incarceration.  Id. at 7.

Despite the fact that all parties agree that Gagot's sentence should be reduced, the Court today is without power to modify his term of imprisonment.  "The district courts of the United States . . . are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994)).  Accordingly, this Court must obey the statutory mandate of 18 U.S.C. § 3582(c)(2), which makes the jurisdiction of district courts to modify criminal sentences in circumstances like these contingent on adherence to the

Commission's policies.  The Commission has stated its wish that
Amendment 706 not be given retroactive effect until March 3, 2008
and has directed that section 1B1.10(c) of the Guidelines Manual
not be amended to list Amendment 706 as having retroactive effect
until that date.  Notice of Final Action Regarding Amendments to
Policy Statement § 1B1.10, Effective March 3, 2008, 73 Fed. Reg.
217-01 (Jan. 2, 2008).  District courts, therefore, must until
March 3 utilize the previous version of the Guidelines Manual,
which indicates that applying Amendment 706 retroactively is "not
consistent with [the Commission's] policy statement."  U.S.S.G. §
1B1.10(a), (c).  Accordingly, this Court today lacks jurisdiction
to effectuate Gagot's petition.[3]

---

[3] Gagot argues that <u>United States</u> v. <u>Booker</u>, 543 U.S. 220
(2005), renders the Guidelines simply advisory as to all aspects
of the Sentencing Reform Act, including 18 U.S.C. §
3582(c).  As such, Gagot asserts, this Court is not bound by the
Commission's temporal restriction on the retroactivity of
Amendment 706.  Joint Mem. at 10.  This Court disagrees.
<u>Booker</u> was written with an eye toward preserving the Sixth
Amendment rights of defendants, which cannot be abridged by
Congressional fiat, not the entirely separate issue of a district
court's jurisdiction, which Congress is able to circumscribe as
it sees fit.
     Furthermore, Gagot's argument, taken to its logical
conclusion, would allow each district court to decide on its own
which Guidelines amendments apply retroactively.  Specifically,
the only way in which retroactivity is addressed by section
3582(c)(2) is via the requirement that sentence reductions be
"consistent with applicable policy statements issued by the
Sentencing Commission."  18 U.S.C. § 3582(c)(2).  To comply with
this portion of the statute, district courts turn to sections
1B1.10(a) and (c) of the Guidelines Manual to determine whether
the Commission has stated that a particular amendment is designed
to have retroactive effect.  Ruling that the policy statements of
the Commission are "advisory only," Joint Mem. at 10, would mean

As noted above, were the Court able to modify Gagot's sentence today and impose the sentence recommended by the U.S. Attorney, he could be released from prison tomorrow.  The failure of the Commission immediately to implement its solution to the "fundamental unfairness" in the way crack cocaine offenders were treated under the previous version of the guidelines, Press Release, <u>supra</u> note 2, virtually guarantees that some defendants, whether Gagot or someone similarly situated, will spend more time in prison than they should have.  As much as the Court might disfavor that prospect, it is an inequity the Court is powerless, under the law, to rectify.  Because the Court agrees with the jointly proposed modification of sentence, however, Gagot ought not spend one more day in prison than necessary to effect the goals of 18 U.S.C. § 3553(a) and to comply with the jurisdictional limits set forth in 18 U.S.C. § 3582(c)(2).

Accordingly, Gagot's petition to reduce his sentence is ALLOWED, effective March 3, 2008.  An amended judgment sentencing Gagot to 135 months imprisonment but in all other respects remaining unchanged will enter on that day.

---

that district courts would no longer be bound by the Commission's decisions about which amendments are retroactive and which are not.  This, however, cannot be the case because "Congress has granted the Commission the unusual explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect."  <u>Braxton</u> v. <u>United States</u>, 500 U.S. 344, 348 (1991)(citing 28 U.S.C. § 994 (u).

SO ORDERED.

/s/ William G. Young

_____

WILLIAM G. YOUNG
DISTRICT JUDGE